2026 Tex. Bus. 44



FILED IN
BUSINESS COURT OF TEXAS
BEVERLY CRUMLEY, CLERK
ENTERED
7/15/2026

The Business Court of Texas,
Fourth Division

| | | |
|---|---|---|
| BRIK A. STRATTON<br>*Plaintiff/Counter-Defendant*<br><br>v.<br><br>KENNETH M. HOGAN, STRATTON HOGAN CLINICS, INC., and STRATTON HOGAN REAL ESTATE, LLC<br>*Defendants/Counter-Plaintiff*<br><br>v.<br><br>CAREY PARSONS, STRATTON REHABILITATION CLINIC, INC., and JESUS "JESSE" B. GONZALES, CPA<br>*Third-Party Defendants* | § § § § § § § § § § § § § § § § § § § | Cause No. 25-BC04B-0010 |

## MEMORANDUM OPINION AND ORDER

¶1 Before the court is Defendant Hogan's Rule 91a partial motion to dismiss counterclaims, filed on June 9, 2026; Plaintiff Stratton and Third-Party Defendants' response filed June 30, 2026; and Hogan's reply filed July 6, 2026. The court heard argument on the Motion at a hearing held July 7, 2026. Having considered the parties' briefing and oral argument, the pleadings, and the relevant law, the court partially grants the motion for the reasons set forth below.

FACTUAL AND PROCEDURAL BACKGROUND

¶2      This case arises from the breakdown of a business relationship between Stratton and Hogan, who jointly owned Stratton Hogan Clinics, Inc. ("SH Inc."), a physical-therapy business, and Stratton Hogan Real Estate, LLC ("SHRE"), which held the business's real estate. After negotiations to separate their business interests failed, Stratton sued seeking judicial dissolution of SH Inc. and SHRE. By the co-owners' joint request, the court appointed a wind-up supervisor in an order entered June 13, 2025.

¶3      The co-owners have sued each other for breach of fiduciary duty and breach of SH Inc.'s operating agreement. Hogan also brings claims against the third-party Defendants, including against Stratton's separately owned business Stratton Rehabilitation Clinic, Inc. ("Stratton Rehab"). In a recent amended pleading, Stratton and Stratton Rehab (jointly, "the Stratton Parties") added new counterclaims against Hogan, including joint claims for disparagement and business disparagement; Stratton Rehab's claim for breach of contract based on failure to pay on a $300,000 promissory note; and Stratton's claim for conversion of physical-therapy equipment.

¶4      By his Motion, Hogan sought dismissal of these new claims under Texas Rule of Civil Procedure 91a. The Stratton Parties responded by seeking leave to amend their counterclaims, adding factual allegations as to the latter two claims and removing the disparagement and business-disparagement claims within Rule 91a's

2

deadline. *See* TEX. R. CIV. P. 91a.5(a), (c) (requiring a ruling on the motion "unless it has been withdrawn or the cause of action has been nonsuited" at least three days before the hearing). By separate order, the court granted the Stratton Parties' unopposed motion to amend their pleading. It now considers Hogan's motion to dismiss the contract and conversion claims.

## MOTION STANDARD

¶5      A motion under Rule 91a seeks dismissal of a claim "on the grounds that it has no basis in law or fact." TEX. R. CIV. P. 91a.1. A claim lacks basis in fact "if no reasonable person could believe the facts pleaded." *Id.* A claim lacks basis in law "if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id.*

¶6      To survive dismissal, the claimant must satisfy Texas's notice-pleading rules. *In re First Rsrv. Mgmt., L.P.*, 671 S.W.3d 653, 661–62 (Tex. 2023). Beyond giving fair notice of the claims themselves, the pleading must contain "the essential factual allegations supporting those claims, which must be sufficient to support a judgment if ultimately proven." *Id.* at 662 (internal quotations omitted). Dismissal is required if, "after applying the fair-notice pleading standard, the challenged claim is foreclosed as a matter of law because the claim is not legally cognizable or is negated, under settled law, by the alleged facts." *Tall v. Vanderhoef*, 2025 Tex. Bus. 15, ¶ 6, 2025 WL 1165208, at *2 (8th Div.); *Longhorn Creek Ltd. v. Gardens of Connemara Ltd.*, 686 S.W.3d 418, 426 (Tex. App.—Dallas 2024, pet. denied)

3

(holding a claim lacks basis in law if pleading lacks a legally cognizable cause of action or if "the allegations in the plaintiff's own pleading establish a complete legal bar to the plaintiff's claims by affirmatively negating entitlement to the relief requested.").

## ANALYSIS

### I.     The court grants Hogan's motion to dismiss the conversion claim.

Hogan moves to dismiss Stratton's claim that Hogan converted SH Inc.'s physical-therapy equipment by transferring it from one SH Inc. clinic to another SH Inc. clinic. The latter clinic is known to the parties as Alamo Ranch. Am. Pet. ¶¶ 19, 40, 61. Stratton's petition explains that the parties had previously agreed through counsel "in principle" to disentangle their physical-therapy practice by having Hogan assume responsibilities for Alamo Ranch operations and expenses. *Id.* ¶ 36. He claims that Hogan then, without Stratton's consent, moved the equipment for use at the "prospective independent operation" Hogan planned to operate at Alamo Ranch. *Id.* ¶ 40.

A conversion claim requires a showing that: (1) the plaintiff owned, had possession, or entitlement to possession of property; (2) the defendant unlawfully and without authorization assumed and exercised control over the property to the exclusion of, or inconsistent with, the plaintiff's rights; and (3) the plaintiff demanded the property's return, (4) which the defendant refused. *Guillory v. Dietrich*, 598 S.W.3d 284, 292 (Tex. App.—Dallas 2020, pet. denied). A plaintiff

4

also must establish it was injured by the conversion. *See USAA Cas. Ins. Co. v. Letot*, 690 S.W.3d 274, 285 (Tex. 2024) ("each claimant must prove entitlement to damages before he can recover anything for conversion").

¶9     According to his own pleading, Stratton complains that Hogan converted **SH Inc.'s** property rather than Stratton's own property. Am. Pet. ¶¶ 40, 61. Stratton does not plead he was owner of the equipment or that he had rights to possess the equipment, as would be required to satisfy the first element of a conversion claim.

¶10    Under Texas law, "suits for injuries to a corporation . . . ordinarily must be brought by the corporation itself or derivatively on its behalf." *In re UMTH Gen. Servs., L.P.*, 725 S.W.3d 424, 430 (Tex. 2025). The pleadings describe Stratton as co-owner of SH Inc.—but he sues only individually, not derivatively on behalf of the corporation.

¶11    Stratton points out that SH Inc. is a closely held corporation, and he notes that in such a case the court may treat a derivative action as a direct claim to allow individual recovery. TEX. BUS. ORGS. CODE § 21.563 ("a derivative proceeding brought by a shareholder of a closely held corporation may be treated by a court as a direct action brought by the shareholder for the shareholder's own benefit."); *Sneed v. Webre*, 465 S.W.3d 169, 188 (Tex. 2015) ("if justice requires, a court may treat a derivative proceeding like a direct action and allow the shareholder to recover directly"). In the case cited by Stratton, a party pleading both individual and derivative claims was permitted to recover directly. *Saden v. Smith*, 415 S.W.3d

450, 463 (Tex. App.—Houston [1st Dist.] 2013, pet. denied). But Stratton pleads no derivative claim that this court could treat as a direct proceeding for the purpose of allowing Stratton to recover for harm allegedly done to SH Inc. And Section 21.563 does not alter the requirement that, "to recover in an individual capacity for non-derivative claims, the shareholder must prove a personal cause of action and personal injury." *Sneed*, 465 S.W.3d at 188. Stratton cites no other doctrine that would permit him to stand in the shoes of SH Inc. to sue for conversion of the corporation's property.

¶12     Absent any pleading of ownership rights, Stratton's petition lacks an allegation of harm he suffered from the alleged conversion. Instead, Stratton's pleadings describe SH Inc. as owner of both clinic locations at the time the equipment was moved—without factual allegations to show that even SH Inc. was harmed. Further, Stratton concedes that SH Inc.'s equipment has now been divided between Stratton and Hogan through the ongoing wind-up process that the court-appointed wind-up Supervisor is directing. In the course of accounting for and allocating the joint entities' assets, the parties negotiated with the Supervisor to assign SH Inc.'s equipment to Hogan's and Stratton's respective clinics. Stratton pleads that "the Supervisor has not concluded an allocation or report of the accounts by and between Stratton and Hogan for purposes of the true-up by and among Stratton and Hogan," and seeks recovery only "**to the extent** these items (and any others) are excluded from the true-up." Am. Pet. ¶ 61 (emphasis added). Stratton's

6

own pleading thus recognizes that any harm has not yet occurred. Because his pleading negates ownership and harm rather than providing facts to support those elements, his pleading bars his claim as a matter of law. Hogan's motion to dismiss the conversion claim is granted.

¶13    By agreed order, the Supervisor is in the process of rendering his final report, which will contain his "recommendations as to the parties' respective liabilities or obligations for final resolution by the Court." Agreed Order at 4 (June 13, 2025). Dismissal of the conversion claim does not excuse the Supervisor from his duty to account for the allocation of SH Inc.'s equipment to the parties when rendering his report on Stratton's and Hogan's respective liabilities and assets. *Id.*

## II.    The court denies Hogan's motion to dismiss the contract claim.

¶14    Hogan also seeks dismissal of Stratton Rehab's claim for SHRE's failure to pay on a $300,000 promissory note. A breach-of-contract claim requires a valid contract, the claimant's performance or tendered performance, the respondent's breach, and resulting damages. *Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 890 (Tex. 2019). Stratton Rehab pleads facts to support all requisite elements of the claim.

¶15    Though Hogan argues that SHRE has not appeared in this suit, he cites no authority permitting Rule 91a dismissal based on a defendant's failure to appear. The court must "decide the motion based solely on the pleading of the cause of action." TEX. R. CIV. P. 91a.6. Seeing that Stratton Rehab's claim, as pleaded, does

7

not lack basis in law or fact, the court denies Hogan's motion to dismiss the contract claim.

¶16     By statute, the wind-up procedure requires that the entity's property be applied toward discharging its liabilities. TEX. BUS. ORGS. CODE § 11.053 ("a domestic entity in the process of winding up shall apply and distribute its property to discharge, or make adequate provision for the discharge of, all of the domestic entity's liabilities and obligations"). Here, the Supervisor did just that. Upon sale of SHRE's joint property, the Supervisor and Stratton Rehab jointly requested that the court grant the Supervisor leave to apply funds from the sale to discharge SHRE's debts owed to Stratton Rehab. The movants initially requested the note's payment and related attorneys' fees, but they did not pursue the request for fees and ultimately requested submission of the court's order that awarded full payment of the promissory note and interest without a fee award. The wind-up process has disposed of this claim. *See* Order (Apr. 17, 2026). Though the court finds no grounds for Rule 91a dismissal, Stratton Rehab concedes its amended pleading includes the contract claim only to avoid nonsuit by implication; it does not identify any issue remaining to submit to the jury on that claim.

### III.    The court declines to award fees under Rule 91a.

¶17     Rule 91a permits, but does not require, an award of attorneys' fees to the party who prevails on a motion to dismiss. TEX. R. CIV. P. 91a.7; *Sanchez v. Striever*, 614 S.W.3d 233, 248 n.10 (Tex. App.—Houston [14th Dist.] 2020, no pet.) ("any award

8

of fees and costs is discretionary, not mandatory"); *see Montoya Frazier v. Maxwell*, 734 S.W.3d 1, 16 (Tex. App.—Fort Worth 2025, pet. denied) (noting fee award under Rule 91a is discretionary). The court exercises its discretion to decline to award fees or costs to either party based on this partial grant of Hogan's Motion.

### CONCLUSION AND ORDER

For these reasons, the court GRANTS Hogan's motion to dismiss Stratton's conversion claim.

In all other respects, Hogan's motion is DENIED.

SO ORDERED.

STACY ROGERS SHARP
Judge of the Texas Business Court,
Fourth Division

SIGNED ON: July 15, 2026

9